IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN BARBEE, § § **Plaintiff,** § § vs. § BRYAN COLLIER, Executive Director, § Texas Department of Criminal Justice § Huntsville, Texas § § BOBBY LUMPKIN, Director, § Texas Department of Criminal § Justice, Correctional Institutions § Division, Huntsville, Texas § § KELLY STRONG, Senior Warden, Texas § Department of Criminal Justice, § Huntsville Unit, § Huntsville, Texas, § § **Defendants.** § § | No. 4:22-cv-3684 **(Death Penalty Case)** Mr. Barbee is scheduled to be executed on November 16, 2022 |

**MOTION FOR STAY OF EXECUTION**

**A. Introduction.**

Plaintiff Stephen Barbee is scheduled to be executed on November 16, 2022.[1] On October 25, 2022, he filed in this Court a complaint under 42 U.S.C. § 1983, for violations and threatened violations of his rights secured by the United States Constitution under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. ("Complaint Pursuant to 42 U.S.C. § 1983," Docket No. 1) (hereafter, "Complaint").

---
[1] *See* Docket Entry No. 1, Appendix 1.

-1-

Defendants have failed to show that any ameliorative measures have been taken or are planned to be taken to avoid executing Mr. Barbee in a manner that would amount to torture.

In his complaint, Mr. Barbee showed well-documented evidence of his severe lack of range of motion in both arms and his inability to straighten his arms and lie on the gurney palms-up, per the normal execution procedures. (Complaint at 9-26). Despite being well aware of Mr. Barbee's condition and physical limitations for many years, TDCJ has refused to disclose whether they have made any accommodations or modifications to the execution procedures in order to prevent the infliction of cruel and unusual pain and suffering on Mr. Barbee in violation of the Eighth and Fourteenth Amendments and the ADA. Mr. Barbee seeks preliminary and permanent injunctive and declaratory relief, namely that this Court issue an injunction under 42 U.S.C. § 1983 directing the Defendants not to carry out Mr. Barbee's execution under conditions and procedures that will lead to severe and substantial pain as applied to him.

In conjunction with his Complaint, Mr. Barbee respectfully requests that this Court stay his execution, because he has made a strong showing that he is likely to succeed on the merits of his § 1983 claim. Additionally, he will suffer irreparable injury if the State is allowed to proceed with his execution without modifications to the arms-straight-out gurney. Mr. Barbee has also shown that the State will not suffer substantial injury if his execution is delayed until his § 1983 claim is resolved, which will likely not occur prior to his execution date of November 16, 2022, and that it would not be in the public interest for the State to needlessly risk conducting a botched or torturous execution.

In his currently-ongoing RLUIPA lawsuit pending in this Court, Mr. Barbee has shown that the State's date-setting, based on false information, has improperly usurped this Court's jurisdiction and put undue pressure on this Court to resolve the significant questions at stake in

the religious liberty lawsuit in a shortened time frame. *Barbee v. Collier et al*, No. 4:21-cv-03077, Docket Entry No. 39, "Motion to Enforce Stay of Execution." Here too, the Defendants' refusal to divulge alternative planned methods of execution, despite being aware of Mr. Barbee's disabilities for well over a year, has resulted in this lawsuit and the need for a stay of execution, as both lawsuits are unlikely to be resolved in the time remaining before Mr. Barbee's scheduled execution.

**B. Relevant Prior Proceedings**.

On October 1, 2021, Mr. Barbee filed a subsequent petition for writ of habeas corpus in the Texas Court of Criminal Appeals, raising the claim presented in his Complaint, that the execution procedures normally used by the Texas Department of Criminal Justice would subject him to cruel and unusual punishment due to his well-documented arm immobility and range-of-motion disabilities. *Ex parte Barbee*, No. 71,071-04. That Court denied the application on the grounds that this claim was not cognizable in state habeas. *Ex parte Barbee*, 2021 WL 4713629 (Tex. Crim. App. Oct 8, 2021) at *1. Mr. Barbee has thus exhausted his remedies on this claim in state court.

On July 15, 2022, the Tarrant County District Attorney's Office filed in the trial court the "State's Third Motion for Court to Enter Order Setting Execution Date," without prior notice to Barbee or his counsel. That motion referenced Mr. Barbee's ongoing federal RLUIPA suit in this Court, *Barbee v. Collier et al*, No 4:21-cv-03077 (S.D. Tex.), acknowledged that this Court had stayed Mr. Barbee's execution, but falsely asserted that "there is no federal court impediment to setting the defendant's execution," citing *Ramirez v. Collier*, 142 S. Ct. 1264 (2022).

On July 22, 2022, Barbee, through counsel, filed his opposition to that motion, pointing out that there was a current federal stay of execution in effect. On August 9, 2022, the Tarrant

County District Attorney's Office filed a response to Mr. Barbee's opposition to the date-setting motion asserting that their policy had been reevaluated and they were now allowing physical touching, the holding of the condemned's hand and audible prayer by Mr. Barbee's spiritual advisor in the execution chamber.

Despite having before it the full facts regarding the federal stay and the ongoing RLUIPA litigation in this Court, on August 12, 2022 the trial court signed what it termed a "Duplicate Order Setting Execution Date" on August 12, 2022.[2] That Order, presumably prepared by the Tarrant County District Attorney, repeated the statement in their motion that "there is no federal court impediment to setting the defendant's execution" and falsely stated that "Defendant has exhausted his avenues for relief through the state and federal courts, and there are no stays of execution in effect in this case."[3]

On August 19, 2022, Mr. Barbee, through counsel, filed a motion for leave to file a petition for mandamus and the petition in the Texas Court of Criminal Appeals. *Ex parte Barbee*, WR-71,070-05. The basis for the mandamus was that the state court had no jurisdiction to issue the death warrant due to the ongoing federal proceedings in this Court, and the false information in the warrant that there was no stay in effect. On August 26, 2022, the respondent and real party in interest, the State, filed a response to the mandamus petition and on September 6, 2022, Mr. Barbee filed a reply. That matter is currently pending in the CCA.

On October 25, 2022, Mr. Barbee filed his Complaint in this matter.

---

[2] *See* Complaint, Docket No. 1, Appendix 1.
[3] *Id.* at page 5 of 7.

**C. Standard of Review.**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Where it is proposed that a pending proceeding be stayed, the competing affected interests must be weighed. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983). Among these competing interests are the possible damage by the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward with the proceeding, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Landis v. North American Co.* 299 U.S. 248, 254-255 (1936).

As to the last *Landis* factor, courts frequently grant stays when the resolution of another action may "bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties [.]" *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d. 857, 863 (9th Cir. 1979). Mr. Barbee's RLUIPA action is still pending in this Court. *Barbee v. Collier et al*, No. 4:21-cv-03077. Resolution of that action could affect the constitutionality of Mr. Barbee's upcoming execution in regard to his religious rights. The appropriate standard to employ when cases are stayed pending parallel proceedings is the discretionary standard. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). A reversal of a stay is proper only when the issuance of the stay was immoderate. *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976).

**D. Factors the Court Should Consider in Deciding Whether to Grant a Stay of Execution**.

The factors this Court should consider with respect to Mr. Barbee's request for a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and

(4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

In a capital case, the movant "must present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in the movant's favor." *Celestine v. Butler,* 823 F.2d 74, 77 (5th Cir. 1987) (per curiam). The balance of the equities in this case weigh heavily in favor of a stay.

**E. Argument.**

**1. Mr. Barbee Has Made a Strong Showing That He Is Likely to Succeed on the Merits of His § 1983 Claim.**

First and foremost, Mr. Barbee is entitled to a stay because he can demonstrate a high likelihood of success on the merits of his §1983 claim, that TDCJ's current policy and procedures would violate his rights under the Eighth and Fourteenth Amendment and the ADA In a capital case, the likelihood of success factor is satisfied when the plaintiff makes a "substantial showing of the denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (citation and quotation marks omitted). That showing is made if the plaintiff shows that the "issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Id*. at 893 n.4 (citation and quotation marks omitted).

A Plaintiff bringing an Eighth Amendment challenge to a method of execution must also demonstrate that the proposed execution plans present a "substantial risk of serious harm," and

must identify an alternative method of execution that will significantly reduce the risk of serious pain and that is feasible and readily implemented. *Glossip v. Gross*, 576 U.S. 863, 877 (2015) (quoting *Baze v. Rees*, 553 U.S. 35, 50 (2008)); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1129 (2019) (confirming that "anyone bringing a method of execution claim alleging the infliction of unconstitutionally cruel pain must meet the *Baze-Glossip* test.").

Mr. Barbee easily meets these requirements, as he has shown in detail in his Complaint that forcing him to lie on the gurney with his arms outstretched and with palms up would amount to torture (Complaint at 9-26); that for over a year, TDCJ has refused to disclose any contingency measures to be taken to avoid torturing Mr. Barbee (*id.* at 26-28); and that it is unconstitutional to inflict needless torture on a prisoner (*Id.* at 29-35). A simple alternative method, per the *Baze-Glossip* standard, is also available and has been requested by Mr. Barbee: modifications to normal procedures that would allow him to lie on the gurney with arms bent and not outstretched.[4] This alternative would pose no substantial harm or disruption to the execution process.

The Defendants have taken no reasonable and necessary steps to assess the risks to Mr. Barbee during an execution despite being well aware of his disabilities for many years. (Complaint at 9-22). They have not conducted a thorough physical examination or consulted appropriately trained medical professionals to determine whether or how Mr. Barbee can be executed without violating the United States Constitution. Defendants' failure to take reasonable and necessary ameliorative steps constitute deliberate indifference to Mr. Barbee's serious medical and physical disabilities.

---

[4] *See* Complaint, Docket Entry No. 1, Appendix 8 (Grievance forms submitted by Mr. Barbee, 2021-2022).

As long as Mr. Barbee is a prisoner within the custody and control of the Defendants, they have an obligation to provide and make plans for his humane execution. Defendants may carry out a death sentence only if they do so in compliance with the dictates of the United States Constitution, including the Eighth Amendment prohibition on cruel and unusual punishment, and Mr. Barbee in his Complaint has shown that they have not done so and have not made or disclosed any plans to ameliorate these concerns. (Complaint at 9-26). They have not responded to Mr. Barbee's many grievances filed over the past year. (Compliant, Docket Entry No. 1, Appendix 8).

Mr. Barbee has shown that his specific physical disabilities heighten the risk of unconstitutional pain and suffering and the risk that a botched or needlessly painful execution will occur, particularly when the lethal injection team is attempting venous access. (Complaint at 9-26).

The Defendants have also made no determination as to whether the execution chamber is wheelchair accessible and made no contingency plans for the very likely event that Mr. Barbee is unable to transfer from the wheelchair to the gurney given his limited mobility and muscle weakness. (Complaint, Appendix 2, prison medical records of Mr. Barbee)

Defendants have made no contingency plans in the event that Mr. Barbee experiences severe pain and suffering during attempts to insert the IV catheters in a manner that would not force him to lie on the gurney with arms outstretched and palms up. Defendants have failed to ensure that the execution team is informed and aware of Mr. Barbee's disabilities and is appropriately trained on how to deal with them during an execution. They have also failed to ensure that appropriately trained medical personnel who are familiar with his disabilities will be

conducting the execution and that any heretofore undisclosed ameliorative measures will be the appropriate ones for administering the IV given his arm immobility issues.

All these factors show that Mr. Barbee has made a strong showing of success on the matter, given the Defendants' long-standing indifference to his well-documented disabilities, and their refusal to disclose any ameliorative measures.

**2. Mr. Barbee Will Be Irreparably Injured Absent a Stay of Execution, and the Issuance of a Stay Will Not Substantially Injure the State.**

The second and third factors also weigh heavily in favor of the issuance of a stay. This Court should stay Mr. Barbee's execution because the threat of irreparable injury to Mr. Barbee—his unlawful execution in a manner that violates his constitutional rights before a court is able to adjudicate his claims on the merits—outweighs any potential harm to the State that would result if the State is required to wait to execute Mr. Barbee until this matter, and his ongoing religious rights matter, are resolved.

As the Fifth Circuit has recognized, "In a capital case, the possibility of irreparable injury weighs heavily in the movant's favor." *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) (per curiam). While it is true that the State of Texas has an interest in enforcing its death judgment against Mr. Barbee, the stay of execution here would merely delay the enforcement of the death judgment until this Court has decided the constitutionality of the procedure under which the State intends to carry out the execution.

**3. The Public Interest Is Best Served By a Stay of Mr. Barbee's Execution**

Finally, Mr. Barbee respectfully requests that this Court stay his execution because a stay in this case serves the public interest. The public has an interest in seeing the State enforce its judgments, but the public interest is not just in seeing the judgment carried out, but "in having a

just judgment," *Arizona v. Washington*, 434 U.S. 497, 512 (1978), not merely an execution. And the public's confidence in the criminal justice system is undermined when the State carries out executions that violate our constitutional norms.

There has been public disapproval, negative publicity, decreased support for the death penalty, and editorial and media dismay as a result of a large number of botched or painful executions occurring over many years. Mr. Barbee's conditions show that without appropriate accommodations, he is likely to join that list. Just a small sample, beginning with the most recent, would include the following:

–On July 28, 2022, Joe Nathan Jones of Alabama was executed after multiple failed attempts to set the execution line; an over 3 hour delay from the initiation of efforts to set the execution IV to the time of James' death; puncture wounds and bruises around James' knuckles and wrists which were the results of failures to insert the IV lines in those areas; and a deep and unnecessary cutdown, all of which generated negative publicity for the party responsible, the Alabama Department of Corrections.[5]

–On May 11, 2022, Arizona inmate Clarence Dixon's execution team had trouble getting IV's into Dixon "who grimaced and appeared to be in pain while this was happening"....a witness said it took "25 minutes to insert IVs into Dixon's body, eventually resorting to making an incision and inserting an IV into Dixon's groin...Dixon was grimacing and appeared to be in pain while the execution team attempted to insert the IVs."[6]

---

[5] Elizabeth Bruening, *Dead to Rights*, The Atlantic, August 14, 2022.

[6] Jimmy Jenkins, Chelsea Curtis, *Arizona Executes Clarence Dixon for 1978 Murder of Deana Bowdin,* AZ Central, May 12, 2022.

–On October 28, 2021 Oklahoma conducted a botched execution on John Marion Grant, where Mr. Grant "convulsed and vomited for several minutes, leading members of the execution team to wipe the vomit from his face and neck" and an AP witness said that "Grant's body shook and jerked nearly two dozen times before vomit spurted from his mouth and spilled down his neck."[7]

–On February 22, 2018 Alabama had to call off the execution of Doyle Lee Hamm due to their failure to find a vein, leaving him with 10 to 12 puncture wounds, including 6 in his groin and others that punctured his bladder and penetrated his femoral artery.[8]

–On November 15, 2017, Ohio had to call off the execution of Alva Campbell after over an hour of failing to find a suitable vein.[9]

Due to his medical disabilities, the Defendants' indifference to his condition, and his inability to lie on the gurney with arms outstretched, Mr. Barbee is at a high risk of a botched and painful execution. It is not in the public interest to let this occur. The public, as well as Mr. Barbee, has an interest in the constitutional questions that Mr. Barbee's §1983 claim invokes.

**F. Conclusion**

A stay of execution in this case is warranted because Mr. Barbee has shown a high likelihood of success on his Eighth and Fourteenth Amendment and ADA claims; he has also demonstrated that he would be irreparably harmed if TDCJ is permitted to carry out his

---

[7] Adam Liptak, *After Supreme Court Lifts Stay, Oklahoma Executes Inmate*, New York Times, Oct. 28, 2021.

[8] Tracy Conner, *Lawyer Describes Aborted Execution Attempt for Doyle Lee Hamm as "Torture*," NBC News, Feb. 15, 2018; Roger Cohen, *Death Penalty Madness in Alabama*, New York Times, Feb. 27, 2018.

[9] Andrew Welsh-Huggins, *Ohio Calls Off Execution After Failing To Find Inmate's Vein*, Associated Press, Nov. 15, 2017.

execution under the current policies and procedures. Any purported injury to the State engendered by a delay in carrying out Mr. Barbee's execution until a later date, after the resolution of this matter, and his pending RLUIPA action, is not substantial and does not outweigh the potential injury to Mr. Barbee. The public interest undoubtedly lies with protecting the constitutional interests at stake here, in avoiding a botched or needlessly painful execution, and in the carrying out of executions in a manner that comports with the Constitution.

For the foregoing reasons, and given the high stakes involved, the balance of the equities weighs clearly in favor of staying Mr. Barbee's execution.

DATED: November 2, 2022.

Respectfully submitted,

*s/s A. Richard Ellis*
A. Richard Ellis
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
FAX (415) 389-0251
a.r.ellis@att.net

### CERTIFICATE OF CONFERENCE

Via e-mail communication on October 28, 2022, attorney for Defendants, Mr. Stephen Hoffman of the Office of the Attorney General, State of Texas, indicated that the Defendants would oppose this motion.

*s/s A. Richard Ellis*
A. Richard Ellis
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
FAX (415) 389-0251
a.r.ellis@att.net

**CERTIFICATE OF ELECTRONIC SERVICE**

I, A. Richard Ellis, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court for the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court on November 2, 2022. The Court's electronic case filing system has notified Defendants' counsel of record.

*/s/ A. Richard Ellis*
A. RICHARD ELLIS
Attorney for Plaintiff Stephen Barbee
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
FAX (415) 389-0251
a.r.ellis@att.net