UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN BARBEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03684 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER TO SHOW CAUSE AND BRIEFING SCHEDULE

The State of Texas has set Stephen Barbee's execution for November 16, 2022. On October 25, 2022, Barbee filed this lawsuit under 42 U.S.C. § 1983 seeking injunctive and declaratory relief. Barbee's complaint raises claims under the Cruel and Unusual Punishment Clause of the Eight Amendment and the Americans with Disabilities Act. Barbee alleges that, because of "well-documented physical ailments, including arm immobility," the Texas Department of Criminal Justice (TDCJ) cannot conduct his execution "without the infliction of torture." (Docket Entry No. 1 at 1). Barbee sues three TDCJ employees in their official capacity.

Barbee filed this lawsuit only twenty-two days before his scheduled execution. Barbee argues that he could not have filed this lawsuit earlier because (1) the State set his execution date with the shortest time available under Texas state law; (2) he "has been without appointed counsel since early 2019, except for clemency proceedings"; and (3)

1 / 4

TDCJ has not been forthcoming with information about the execution process. (Docket Entry No. 1 at 8-9).

The Court **ORDERS** Barbee to file a brief by the end of business on **Monday, November 7, 2022**, that addresses the following issues:

1. The United States District Court for the Northern District of Texas appointed Mr. A. Richard Ellis to represent Barbee on May 13, 2009. *Barbee v. Davis*, 4:09-cv-00074-Y (N.D. Tex.), Docket Entry No. 9. The record does not indicate that the Northern District of Texas has removed Mr. Ellis from his duty to represent Barbee. Mr. Ellis has represented Barbee in this Court challenging Texas' execution process since September 2021. *Barbee v. Collier*, 4:21-cv-03077 (S.D. Tex.). Mr. Ellis also currently represents Barbee in state court challenges to his execution. Still, Barbee claims that he is without appointed counsel, except in matters relating to clemency. Barbee must explain how this argument is in keeping with his duty of candor to the Court.

2. Federal courts may use their "equitable powers to dismiss" when an inmate files his lawsuit "too late in the day." *Hill v. McDonough*, 547 U.S. 573, 584 (2006); *see also Reese v. Livingston*, 453 F.3d 289, 291 (5th Cir. 2006). Barbee has been on death row since 2006. Barbee alleges that he has know about his medical condition for fifteen years. (Docket Entry No. 1 at 9-21). Barbee has challenged Texas' execution process for over a year on other grounds. Barbee alleges that an investigator observed his arm mobility problems in 2021. (Docket Entry No. 1 at 19). A neurologist examined him over a year ago. (Docket Entry No. 1 at 22). In Barbee's other litigation, he has developed and relied on substantial information about Texas' execution process. Barbee must show cause why this case is not subject to dismissal because he waited to file suit until twenty-two days before his execution.

3. Under the Prison Litigation Reform Act, 42 USC § 1997e et seq., an inmate must exhaust administrative remedies before he files a lawsuit. Barbee's complaint specifies that he filed a Step 1 and Step 2 grievance. Barbee does not discuss the results of the Step 2 grievance. Barbee must divulge the results of that process or describe why he filed suit before concluding the grievance procedure. *See Simons v. Davis*, 2022 WL 3226619, at *2 (5th Cir. 2022) ("The district court cannot excuse a prisoner's failure to properly exhaust the prison grievance process before filing a complaint.").

4. Barbee filed suit under the Americans With Disabilities Act. Under the ADA, Barbee must show several factors, including that "he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020). Barbee must show cause why his ADA claim is not subject to dismissal for failing to allege a valid ground for relief.

5. To succeed on his Eighth Amendment claim, Barbee "must identify an alternative method that is feasible, readily implemented, and in fact significantly reduces the risk of harm involved." *Nance v. Ward*, 142 S. Ct. 2214, 2220 (2022) (quotation omitted, cleaned up). Barbee argues that "modifications to normal procedures . . . would allow him to lie on the gurney with arms bent and not outstretched." (Docket Entry No. 1 at 30). Barbee, however, does not provide any specific information about what modifications would meet his expectations. Barbee must show cause why his Eighth Amendment claim is not subject to dismissal for not providing more detailed information about how, with the current configuration in the death chamber, TDCJ could modify its process to meet his requested accommodations.

In addition to the briefing described above, the Court also sets out the following schedule for the execution-related litigation in this case:

1. The Defendants may file any pleading related to the above-ordered briefing by **Wednesday, November 9, 2022**. The Defendants will also file a response to any motion for a stay, may file any dispositive motion, and will submit any other briefing on that same date.

2. Barbee will file a reply to any briefing filed by the Defendants on or before **Friday, November 11, 2022**.

3. All briefing by the parties will be concluded on **Friday, November 11, 2022**. With the fast-approaching execution date, **no extensions of time will be granted**.

SIGNED on November 3, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge